(No. 16179.—Judgment affirmed.)

THE PEOPLE OF THE STATE OF ILLINOIS, Defendant in Error, *vs.* JENNIE PIGATTI, Plaintiff in Error.

*Opinion filed December 16, 1924.*

1. CRIMINAL LAW—*hypothetical question need not contain all the evidence.* In a prosecution for procuring an abortion or miscarriage a physician may give an expert opinion in answer to a hypothetical question where there is evidence in the case as to each fact stated in the question, and it is not necessary that the question contain all the facts in evidence in the case.

2. SAME—*when correct instruction may be refused.* Although an instruction contains propositions of law proper to be given, it may be refused where such propositions are contained in other given instructions.

3. SAME—*instruction which singles out particular facts may be refused.* An instruction is properly refused where it singles out some particular fact or facts and tells the jury to take such fact or facts into consideration in arriving at their verdict.

WRIT OF ERROR to the Circuit Court of Bureau county; the Hon. JOE A. DAVIS, Judge, presiding.

WALTER A. PANNECK, for plaintiff in error.

EDWARD J. BRUNDAGE, Attorney General, CAREY R. JOHNSON, State's Attorney, and GEORGE C. DIXON, for the People.

Mr. JUSTICE HEARD delivered the opinion of the court:

Plaintiff in error was indicted, tried, convicted and sentenced to the penitentiary in the circuit court of Bureau county upon a charge of violating paragraph 15 of chapter 38 of Cahill's Statutes of 1923, and the record is now before us for review upon writ of error.

Much of the evidence was with reference to an alleged difference between abortion and miscarriage and much space in the briefs and arguments is devoted to the same subject, but as there were four counts in the indictment, the first charging an attempt to procure a miscarriage, the second an attempt to procure an abortion, the third causing a miscarriage, and the fourth causing an abortion, and there was a general verdict of guilty in manner and form as charged in the indictment, we are not concerned in this case with any such difference.

The undisputed evidence shows that on September 7, 1923, Ida P. Helm, an unmarried female, gave premature birth to a child and that the premature birth was caused by instrumentation. The only question of fact is as to whether plaintiff in error was the person who used the instruments.

Ida P. Helm testified that on August 26, 1923, she went from her home near Ladd, Illinois, to a house across the street from the Interurban station at Spring Valley, Illinois, and there made arrangements with plaintiff in error for the performance of the illegal operation for the sum of $300, which the next day she drew from the bank and in the evening went to the same house, paid plaintiff in error $300, and that upon that occasion and on other occasions, the last one September 5, 1923, plaintiff in error used upon her person an instrument in a manner which the evidence shows was likely to cause an abortion or miscarriage. The witness' testimony is somewhat weakened by the fact that during her sickness, and prior to her seeing plaintiff in error, she told two or three persons that at the time she went to the house where the operation was performed the light

was so poor that she did not think she would recognize the woman she saw there, but upon the trial she positively identified plaintiff in error. She is corroborated, however, by the fact that in her testimony she correctly described the house, its rooms and furniture, with a minuteness and accuracy of description as to details which could only have been ascertained by some person having personal knowledge of the same. Plaintiff in error testified positively that the witness had never come to her residence and denied in detail the commission of each act ascribed to her by the witness Helm. Plaintiff in error is corroborated by her daughter and sister, who each testified positively, on direct examination, that the witness Helm was not at the residence of plaintiff in error at any time between the middle of August and the 7th of September, 1923. The weight to be given to their testimony is much weakened by the admission of the sister, on cross-examination, that she did not know whether she herself had been there during that time, and the admission by the daughter that she was not at home all of the time in question. There was a direct conflict in the evidence and it was the special province of the jury to determine which witnesses were telling the truth. They evidently believed the story told by the witness Helm and they were fully warranted by the evidence in so doing.

It is contended by plaintiff in error that the court erred in allowing Dr. Nix to give an expert opinion in reply to a hypothetical question not based on the evidence in the case. The hypothetical question did not contain all the facts in evidence in the case but there was evidence in the case as to each fact stated in the question, and it was therefore proper to allow it to be answered.

Plaintiff in error contends that the court erred in giving the fifth instruction on behalf of the People because it singled out and called attention to the testimony of plaintiff in error. By her seventh instruction plaintiff in error likewise called attention to her testimony and the rules govern-

ing the jury in weighing the same. In the instruction complained of, the court told the jury, among other things, that in determining the weight to be given to the testimony of the defendant "you should apply the same tests as are legally applied to the testimony of other witnesses." While the instruction is defective in some respects, yet its giving was not reversible error under the facts in this case.

Plaintiff in error complains of the refusal of the court to give certain instructions asked by her. No specific error is pointed out as to the refusal of any particular instruction. We have searched the record, however, and find that when a refused instruction contained propositions of law proper to be given such propositions were contained in other given instructions, and that each one of the others singled out some particular fact or facts and told the jury to take such fact or facts into consideration in arriving at their verdict, and was therefore properly refused.

Finding no reversible error in the record the judgment of the circuit court is affirmed.          *Judgment affirmed.*